SHAHOOD, Judge.
This is an appeal from a purported “Final Judgment” entered on April 19, 1994 in the Palm Beach County Circuit Court finding the appellant, Thomas Leahy, in contempt of court for failing to obey a distress writ, and ordering him to appear for sentencing before a county court judge. We conclude that the instrument appealed from and denoted as a “Final Judgment” is not actually a final judgment of a circuit court; therefore, it is not appropriate for review by this court. Accordingly, we dismiss this appeal.
This litigation commenced with the filing by appellee, James Batmasian, of two actions in the Palm Beach County Court against Leahy, one for eviction and one for distress for rent. In addition, he moved to consolidate both cases and transfer them to the circuit court. On the same day Leahy filed said motions, Batmasian filed a motion for contempt supported by an affidavit. The trial court judge (Honorable Peter Evans, County Court Judge) heard all pending motions, granted the motions to consolidate and to transfer the actions to the circuit court, and set a show cause hearing on the contempt issue.
The Honorable Howard H. Harrison, County Court Judge, presided over the eon-tempt hearing and rendered the order being appealed. The pertinent portion of the purported “Final Judgment” provides as follows:
Ordered and Adjudged that Defendant/Counter-Plaintiff, Thomas Leahy is found in contempt of court for failing to obey a distress writ and ordered to appear for sentencing before the Honorable Peter M. Evans, at the South County Courthouse. ...
The order bears a county court caption and the signature block reflects that Judge Harrison is a “county court judge”, not an acting circuit court judge. Additionally, the order bears a county court case number (SC-94-3659-RD).
Also pertinent for this discussion is section 34.011(2), Florida Statutes (1993), Jurisdiction in landlord and tenant cases, which provides as follows:
The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except that the circuit court also has jurisdiction if the amount , in controversy exceeds the jurisdictional limits of the county court or the circuit court otherwise has jurisdiction as provided in section 26.012. In cases transferred to the circuit court pursuant to Rule 1.170(j), Florida Rules of Civil Procedure, or Rule 7.100(d), Florida Small Claims Rules, the demands of all parties shall be resolved by the circuit court.
Section 26.012(1), Florida Statutes (1994), entitled Jurisdiction of circuit court, provides that “circuit courts shall have jurisdiction of appeals from county courts....”
The order being appealed in the instant case has all of the indicia of an order of the county court. We therefore hold that the “Final Judgment” under review is, in fact, a ruling of the county court subject to review by the circuit court in its appellate capacity pursuant to section 26.012(1), and accordingly dismiss this appeal.
GLICKSTEIN and FARMER, JJ., concur.